UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X   Case No.

ADINA GOODWIN, on behalf of herself individually
and all others similarly situated,

                                 Plaintiff,

    -against-                                       CLASS ACTION
                                                         COMPLAINT

SCOTT LOWERY LAW OFFICES, P.C.,
D/B/A P. SCOTT LOWERY, P.C.,

                                 Defendant.
---------------------------------------------------------------X

        Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

## INTRODUCTION

1.     This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

## PARTIES

2.     Plaintiff is a natural person who resides in this District and is a consumer as defined by the FDCPA, §1692a(3).

3.     Upon information and belief, defendant is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6). Upon information and belief, defendant is a professional corporation with its principal offices in Colorado.

## JURISDICTION AND VENUE

4. This Court has jurisdiction and venue pursuant to 15 U.S.C. §1692k(d) (FDCPA) and 28 U.S.C. §1331.

## AS AND FOR A FIRST CAUSE OF ACTION

5. Plaintiff re-alleges paragraphs 1 to 4 as if fully re-stated herein.

6. That on or about January 18, 2008 defendant sent a collection letter to the plaintiff in an attempt to collect an alleged debt incurred for personal purposes. Plaintiff received said letter at her address in the Bronx, New York City. A copy of said letter is attached as Exhibit "1".

7. That, upon information and belief, defendant was not licensed as a debt collector by the New York City Department of Consumer Affairs when it sent said collection letter to plaintiff, and defendant was therefore attempting to collect a debt in violation of New York City Administrative Code § 20-490. That such conduct on the part of defendant is unlawful and deceptive.

8. That defendant's said attempts to collect a debt are in violation of the FDCPA, including but not limited to §§1692e(5) and 1692e(10) and 1692f.

## CLASS ALLEGATIONS

9. That plaintiff re-alleges paragraphs 1-8 as if fully re-stated herein.

10. That this action is brought on behalf of plaintiff and the members of a class. The class consists of all persons whom defendant's records reflect resided in the City of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about January 18, 2008; (b) the collection letter was sent to a consumer seeking payment of an alleged consumer debt; (c) the collection letter was not

returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§1692e(5) and 1692e(10) and 1692f.

  11. That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

  (A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received debt collection notices from the defendant which violate the various provisions of the FDCPA.

  (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA by unlawfully attempting to collect debts in New York City without a debt collection license from the New York City Department of Consumer Affairs, in violation of 15 U.S.C. §§1692e(5), 1692e(10) and 1692f.

  (C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

  (D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

  (E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained experienced counsel. The plaintiff's interests are consistent with those of the members of the class.

12. That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

13. That if the facts are discovered to be appropriate, the plaintiff will seek to certify a class action pursuant to rule 23(b)(3) of the Federal Rules of Civil Procedure.

14. That communications from debt collectors, such as those sent by the defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

15. That as a result of the above violations, defendant is liable to the plaintiff and the members of the class for statutory damages in an amount to be determined at the time of trial, plus costs and attorney's fees.

16. That defendant violated the FDCPA. Defendant's violations include, but are not limited to:

(a) unlawfully attempting to collect debts in New York City without a debt collection license from the New York City Department of Consumer Affairs, in violation of §§1692e(5), 1692e(10) and 1692f.

WHEREFORE, plaintiff respectfully prays that judgment be entered against the defendant as follows:

(a) statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(b) awarding class members the maximum statutory damages pursuant to 15 U.S.C. §1692k;

(c) reasonable attorney's fees, costs and disbursements pursuant to 15 U.S.C. § 1692k; and

(d) for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
July 29, 2008

*Novlette R. Kidd*
NOVLETTE R. KIDD, ESQ.
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 3302
New York, New York 10123
Telephone: (212)268-2128
fnplaw@aol.com

**EXHIBIT "1"**

Case 1:08-cv-07049-VM   Document 1   Filed 08/07/2008   Page 6 of 7

**P. SCOTT LOWERY, P.C.\***
**Attorneys And Counselors At Law**

\* A trade name for Scott Lowery Law Offices, P.C.

David L. Michael
James R. Wolf
Annette M. Powell
Veronica L. Noecker

4500 Cherry Creek Drive South
Suite 700-710
Denver, Colorado 80246
Telephone  (303) 218-7550
Toll Free   (866) 365-6185
Telefax     (303) 218-7548 or 7549

JANUARY 18TH, 2008

\*\*\*AUTO\*\*ALL FOR AADC 100
12542-18/14009337070100856/1219    171
ADINA A GOODWIN
2427 SOUTHERN BLVD
BRONX, NY 10458-6501

02071

RE:   Creditor:                         CACH, LLC.
      Lowery Account No.:               14009337070100856
      Original Creditor:                MARYLAND NATIONAL BANK, N.A.
      Original Creditor Account No.:    5329000997990257
      Current Balance Claimed Due:      $5,934.16

Dear ADINA GOODWIN:

This office has been retained to collect the debt owed by you to CACH, LLC. who now owns the debt having purchased it from the original creditor named above. This is a demand for full payment because you had ample time to pay the indebtedness.

You are hereby advised: Unless you, the consumer, notify this office within thirty days after receipt of this notice that you dispute the validity of the debt or any portion thereof, the debt will be assumed to be valid by this office. If you, the consumer, notify this office in writing within thirty days after receipt of this notice, that the debt or any portion thereof is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within thirty days after receipt of this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.ago.state.co.us/CADC/CADCmain.cfm.

At this time no attorney with our law firm has personally reviewed the particular circumstances of your account. Please call our office immediately. The toll free number is 866-365-6185.

Scott Lowery Law Office, P.C.

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

A returned payment fee of $20.00 will be charged to you when any check received to apply on your account is not paid upon presentment.

DM1P